UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMON COOK, JONATHAN KENO,**<br>AND ALL OTHERS SIMILARLY SITUATED | **CIVIL ACTION NO:** |
| **VERSUS** | **DISTRICT JUDGE**<br>**HON.** |
| **MAKO CATERING LLC and**<br>**MAKO UNLIMITED LLC** | **MAGISTRATE JUDGE**<br>**HON.** |

## COLLECTIVE ACTION COMPLAINT

### I.   NATURE OF THIS LAWSUIT

1.   Plaintiffs Jonathan Keno and Damom Cook bring this lawsuit to recover unpaid overtime wages and other damages from Mako Catering, LLC and Mako Unlimited, LLC, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### II.   BACKGROUND

2.   Mako Catering, LLC and Mako Unlimited, LLC (collectively Mako) are offshore staffing providers, and in that capacity they are the payroll employers of individuals like Mr. Keno and Mr. Cook, who serve in roles on offshore vessels, and particularly liftboats.

3.   A liftboat has multiple roles onboard, and different individuals fulfill different purposes, some of which involve using the liftboat as a means of transportation, and others of which are not. So too, dive boats and crew boats have different roles, some of which involve serving the vessel as a means for transportation, and others of which do not.

4.   Jonathan Keno, starting in January 2021 through October 2023, worked as a galley hand, a rigger, and a hand on various vessels, as assigned by Mako. The majority of his time has been spent as a galley hand, with additional time spent on further tasks as assigned. The great bulk

of his work was onboard liftboats. In that capacity he contributed to the vessels, but he did not contribute to the vessels' operation as a means of transportation.

5. Damom Cook was hired by Mako Unlimited in 2020, and he worked for Mako Unlimited through September of 2023. He was a cook, principally onboard liftboats and jack-up vessels, with additional time on dive vessels. In that capacity he contributed to the vessels, but he did not, in any way, contribute to the vessels' operation as a means of transportation.

6. Mr. Keno and Mr. Cook, along with others similarly situated, were paid a day rate, irrespective of how many hours they worked.

7. Mr. Keno and Mr. Cook slept and lived on the vessels to which they were assigned, and regularly worked over 12 hours a day and 40 hours a week.

8. Mako classified Mr. Keno, Mr. Cook, and all Mako's offshore employees similarly situated as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek, or when they worked over eight hours in a day.

9. Defendants misclassified Mr. Keno and Mr. Cook and others similarly situated as exempt from state and federal overtime laws. Defendants maintained that misclassification and continued to pay Mr. Keno and Mr. Cook and others similarly situated a day rate following the issuance of *Adams v. All Coast, LLC*, 15 F.4th 365 (5th Cir. 2021), issued on September 30, 2021, at which point Mako knew or should have known that Mr. Keno and Mr. Cook were owed overtime.

10. The services performed by Mr. Keno and Mr. Cook included assistance in cooking meals for crewmembers and for passengers aboard vessels; along with cooking those meals; rigging; laundry service; and additional general services as required.

11. Even while not on-tower, Mr. Keno and Mr. Cook were still in the service of the vessel, but not related to the navigation of the vessel.

12. The services performed by Mr. Keno and Mr. Cook and others similarly situated constitute non-exempt work.

13. Mr. Keno and Mr. Cook bring this action on behalf of themselves and other similarly situated personnel onboard liftboats who did not navigate those vessels or contribute to those vessels' navigation and who, due to Mako's misclassification, were not paid all earned overtime pay for time they worked in excess of 40 hours in individual workweeks, or in excess of eight hours a day, in violation of the FLSA.

### III.  JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law. *See* U.S.C. § 216(b).

15. Venue is proper in this district under 28 U.S.C. § 1391 because Mako resides in this district and because the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV.  THE PARTIES

16. Mr. Keno and Mr. Cook worked for Mako in the state of Louisiana, and in Louisiana territorial waters, for in excess of thirteen years, terminating in or around September and October of 2023.

17. During their employment, Mr. Keno and Mr. Cook were both employees of Mako as defined by the FLSA in 29 U.S.C. § 203(e).

18. During their employment, Mako was Mr. Keno's and Mr. Cook's employer as defined under the FLSA in § 203(d).

19. Mako is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

20. Mako is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

21. Mako has more than $500,000 in sales made or business done in each of the last three calendar years.

### V. Factual Allegations

22. For the past three years, Mr. Cook worked as a cook aboard the vessels – principally liftboats, but also dive boats and offshore crewboats. In that capacity he principally cooked for third-party hands.

23. Likewise, for the past three years, Mr. Keno worked aboard vessels, principally liftboats, and principally as a galley hand, but also performing rigging and laundry services. In his capacity as galley hand, ordinary hand, and rigger, he principally did not assist the vessel in navigation, or preparing the vessel for navigation.

24. During their employment, both Mr. Cook's nor Mr. Keno's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

25. Mr. Cook and Mr. Keno often worked twelve hours or more a day during his hitches, and as a matter of course, every hitch (many of which would last weeks), Mako suffered or permitted Mr. Cook and Mr. Keno to work over 40 hours in one or more individual workweeks in the last three (3) years.

26. Mako classified Mr. Cook and Mr. Keno as exempt from the overtime provisions of the FLSA on the basis that they were Jones Act Seamen.

27. While Mr. Cook and Mr. Keno may be Jones Act seamen for some purposes, their work did not serve the vessels' operation as a means of transportation. Because Mr. Cook and Mr. Keno performed non-exempt work, Mako should have classified her as non-exempt.

28. When Mr. Cook and Mr. Keno worked over 40 hours in individual workweeks or over eight hours on any given work day, Mako did not pay them overtime at one-and-one-half their regular rate of pay.

### VI. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring their FLSA claims as a collective action.

30. The collective action is defined as follows:

All individuals employed by Mako Unlimited, LLC or Mako Catering, LLC for the last three years who work offshore, and whose work did not serve the vessels' operation as a means of transportation, yet were classified as exempt from overtime ("Collective Action Members").

31. Mr. Keno and Mr. Cook are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

32. In the last three years, Mako has employed individuals who performed the same primary duties as the Plaintiffs.

33. Of Mako's employees who performed the same primary job duties as Mr. Keno and Mr. Cook in the last three years, Mako classified some or all as exempt from the overtime provisions of the FLSA and paid them a day rate.

34. Of employees classified as exempt and who performed the same primary duties as Mr. Keno and Mr. Cook in the last three years, some or all worked over 40 hours in individual workweeks and over eight hours in individual days.

35. Mako maintained one or more common job descriptions for employees who work offshore on vessels.

36. Mako has the names, addresses and other contact information for potential Collective Action Members in its payroll or personnel records.

37. Mako is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime. Specifically, in 2021, the United States Court of Appeals for the Fifth Circuit entered judgment, holding that crane operators on liftboats are entitled to overtime, as are all crewmembers on liftboats. The Fifth Circuit specifically found that cooks on liftboats are not engaged primarily in aid of the operation of the vessel as a means of transportation, unless they spend 80% or more of their time cooking for crewmembers who in turn are aiding the operation of the vessel as a means of transportation. Mako has followed the law of this holding.

### VII.   COUNT I
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

38. Mr. Cook and Mr. Keno incorporate here the previous allegations of this Complaint.

39. Mako violated the FLSA by failing to pay overtime to Mr. Cook and Mr. Keno and the Collective Action Members when they worked over 40 hours in individual workweeks.

40. Mr. Cook and Mr. Keno were not exempt from the overtime provisions of the FLSA.

41. Collective Action Members were not exempt from the overtime provisions of the FLSA.

42. Mr. Cook and Mr. Keno were directed by Mako to work, and did work, over 40 hours in one or more individual workweeks.

43. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks.

44. Mako paid Mr. Cook and Mr. Keno a day rate and no overtime compensation.

45. Mako paid other Collective Action Members a day rate and no overtime compensation.

46. Mako violated the FLSA by failing to pay overtime to Mr. Cook and Mr. Keno at one-and-one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks and over eight hours on any given day.

47. Mako violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

48. Mako's violations of the FLSA were willful.

49. As a result, Mako is indebted to Mr. Cook, Mr. Keno, and the Collective Action Members in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## VIII.  PRAYER

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Collective Action Members, seeks the following relief:

A.   That, at the earliest possible time, Plaintiffs be allowed to give notice to the Collective Action Members.  Such notice shall inform the Collective Action Members that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages pursuant to the FLSA;

C. Liquidated damages in additional amount equal to the unpaid overtime wages;

D. Pre-judgment and post-judgment interest as provided by law;

E. Attorneys' fees and costs of the action; and

F.  Such other and further relief this Court shall deem just and proper.

G.  That judgment be entered in favor of Mr. Cook and Mr. Keno for the amount of their damages, plus interest, prejudgment interest, costs and reasonable attorneys' fees.

**DATED**: OCTOBER 21, 2024

Respectfully submitted:

*/s/*Cayce Peterson
CAYCE PETERSON (LA Bar #32217)
JEFF GREEN (LA Bar #30531)
JJC Law LLC
3914 Canal St.
New Orleans, Louisiana 70119
T: (504) 513-8820
cayce@jjclaw.com
jeff@jjclaw.com


**BOHMAN | MORSE, LLC**

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA  70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

*Attorneys for Damom Cook & Jonathan Keno*