UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAMON COOK, JONATHAN KENO, AND ALL OTHERS SIMILARLY SITUATED<br><br>VERSUS<br><br>MAKO CATERING LLC and MAKO UNLIMITED, LLC | CIVIL ACTION NO. 2:24-cv-02517<br><br>JUDGE: GREG G. GUIDRY<br><br>MAGISTRATE: MICHAEL B. NORTH |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS MAKO UNLIMITED, LLC AS AN IMPROPERLY JOINED DEFENDANT

**MAY IT PLEASE THE COURT**, Defendants, Mako Catering, LLC and Mako Unlimited, LLC, submit this Memorandum in Support of their Motion to Dismiss Mako Unlimited, LLC as an Improperly Joined Defendant on the claims brought by Plaintiffs Damon Cook, Jonathan Keno, and all others similarly situated. Mako Unlimited is improperly joined as a defendant in this matter. The claims asserted by Cook, Keno, and others similarly situated do not arise out of the same transaction or occurrence as required under Federal Rule of Civil Procedure 20, because there is no logical relationship between the claims.

Plaintiffs worked for different employers, in different positions, performed different job duties, and did so during different time periods aboard different vessels, under separate supervision. Consequently, the evidence required to prove that they spent more than 20% of their time performing non-exempt work under the Fair Labor Standards Act is individualized, requires separate and distinct proof of hour by hour, day by day, and week by week analysis job duties and daily tasks of a Cook employed by MAKO Catering as opposed to a Steward employed by MAKO Catering, as opposed to a Rigger employed by MAKO Unlimited. Therefore, pursuant to Federal Rule of Civil Procedure 21, Mako Unlimited should be dismissed.

1

## BACKGROUND

Mako Unlimited and Mako Catering are separate and distinct offshore staffing companies that employed Damon Cook and Jonathan Keno. (Exhibit 1). Cook worked as a Cook for MAKO Catering from September 2020 through September 2023, working over four different pay periods on four different vessels. (Exhibit 2). Cooks' job required him to work with the Captain to order food within a budget and create a menu based on the crew's need for optimal performance; be familiar with safety issues associated with food; maintain storage areas; maintain inventory of food supplies; maintain cleanliness of kitchen and kitchen appliances; and inspect kitchen equipment. (Exhibit 3).

Cooks' payroll records and timesheets reflect that he worked as a Cook during the following pay periods:

- 9/04/2020 – 9/17/2020; Cook worked nine days on Genie Lab owned by Laborde Marine
- 9/18/2020 – 10/01/2020; Cook work fourteen days on Genie Lab owned by Laborde Marine
- 10/02/2020 – 10/15/2020; Cook worked four days on Ella Claire owned by GRMI
- 10/16/2020 – 10/29/2020; Cook worked five days on Ella Claire owned by GRMI
- 10/30/2020 – 11/12/2020; Cook worked eleven days on Andi Nicole owned by Tandi Marine
- 11/13/2020 – 11/26/2020; Cook worked one and a half days on Andi Nicole owned by Tandi Marine
- 12/11/2020 – 12/24/2020; Cook worked four days on Ram XII owned by Aries Marine
- 1/08/2021 – 1/21/2021; Cook worked twelve days on OSV Badger owned by Kilgore Marine

2

- 1/22/2021 – 2/04/2021; Cook worked eight days on Nashville owned by Alliance Offshore

- 2/05/2021 – 2/18/2021; Cook worked twelve days on L/B New Orleans owned by Alliance Offshore

- 2/19/2021 – 3/04/2021; Cook worked fourteen days on L/B New Orleans owned by Alliance Offshore

- 3/05/2021 – 3/18/2021; Cook worked three and one half days on L/B New Orleans owned by Alliance Offshore

- 3/19/2021 – 4/01/2021; Cook worked five days on Triton Patriot owned by Whitney Oil and Gas

- 6/09/2023 – 6/22/2023; Cook worked eight days on C-Constructor owned by GMS Oil and Gas

- 6/23/2023 – 7/06/2023; Cook worked fourteen days on C-Constructor owned by ECO Oil and Gas

- 7/07/2023 – 7/20/2023; Cook worked for ten and one half days on C-Constructor owned by ECO Oil and Gas

- 7/21/2023 – 8/03/2023; Cook worked for ten days L/B New Orleans owned by Alliance Offshore

- 8/04/2023 – 8/17/2023; Cook worked four days on L/B New Orleans owned by Alliance Offshore

- 8/18/2023 – 8/31/2023; Cook worked ten days on HOS Cedar Ridge owned by Hornbeck Offshore

- 9/01/2023 – 9/14/2023; Cook worked six days HOS Cedar Ridge owned by Hornbeck Offshore

(Exhibit 2).

Keno worked as a Steward for MAKO Catering from May 2019 to September 2023. He performed laundry duties, maintained rooms, and ensured comfortable living conditions. Keno also helped prepare food and mitigated fire hazards, as fires could pose a significant problem, resulting in burns to people and damage to the vessel, potentially rendering it inoperable. Keno also worked to maintain a safe and sanitary environment. (Exhibit 4). Keno's payroll records and timesheets reflect he worked as a Steward for MAKO Catering during the following pay periods:

- 5/17/2019 – 5/30/2019; Keno worked two days on Seacor Hawk owned by Falcon Global
- 5/31/2019 – 6/13/2019; Keno worked eight days on Ram XIX owned by Aries Marine
- 6/14/2019 – 6/27/2019; Keno worked seven days on Ram XIX owned by Aries Marine
- 7/26/2019 – 8/08/2019; Keno worked five days on Ram XIX owned by Aries Marine
- 9/06/2019 – 9/19/2019; Keno worked five days on Ram XIX owned by Aries Marine
- 9/20/2019 – 10/03/2019; Keno worked seven and one half days on Ram XIX owned by Aries Marine
- 10/04/2019 – 10/17/2019; Keno worked three days on Ram XIX owned by Aries Marine
- 1/21/2022 – 2/03/2022; Keno worked one day on Warland owned by Hornbeck Offshore
- 2/04/2022 – 2/17/2022; Keno worked fourteen days on Warland owned by Hornbeck Offshore
- 2/18/2022 – 3/03/2022; Keno worked fourteen days on Warland owned by Hornbeck Offshore
- 3/04/2022 – 3/17/2022; Keno worked eleven days on Warland owned by Hornbeck Offshore
- 8/19/2022 – 9/01/2022; Keno worked nine days on Jill owned by Seacor

- 9/02/2022 – 9/15/2022; Keno worked fourteen days on Jill owned by Seacor

- 9/16/2022 – 9/29/2022; Keno worked six days on Jill owned by Seacor

- 11/25/2022 – 12/08/2022; Keno worked four days on Ram XIX owned by Aries

- 12/09/2022 – 12/22/2022; Keno worked ten days on Ram XIX owned by Aries

- 2/03/2023 – 2/16/2023; Keno worked one day on Ram XIV owned by Aries

- 2/17/2023 – 3/02/2023; Keno worked four days on Ram XIV owned by Aries

- 3/03/2023 – 3/16/2023; Keno worked ten days on Cape Davis owned by Seamar

- 3/17/2023 – 3/30/2023; Keno worked two days on Achiever owned by Hornbeck Offshore

- 3/31/2023 – 4/13/2023; Keno worked fourteen days on Achiever owned by Hornbeck Offshore

- 4/14/2023 – 4/27/2023; Keno worked eight days on Achiever owned by Hornbeck Offshore

- 4/28/2023 – 5/11/2023; Keno worked one day on Laney owned by Edison Chouest

- 6/23/2023 – 7/06/2023; Keno worked six and a half days on C-Constructor owned by Edison Chouest

- 7/07/2023 – 7/20/2023; Keno worked seven and a half days on C-Constructor owned by Edison Chouest

- 9/09/2023 – 10/12/2023; Keno worked eleven days on Kirt Chouest, owned by Edison Chouest

(Exhibit 5).

Similarly, as a Rigger, his job duties included working with the Captain to assess weight, size and placement of cargo to ensure vessel stability; being familiar with rigging equipment and safety issues associated with rigging, lifting loads and securing cargo; attaching hooks, chains and cables to maintain safe lifts of equipment; communicating by hand or radio with team members;

5

and inspecting and cleaning rigging hardware. (Exhibit 4). Keno's payroll records and timesheets reflect he worked as a Rigger for MAKO Unlimited during the following pay periods:

- 4/16/2021 – 4/29/2021; Keno worked two days on Carrier owned by Harvey Gulf
- 4/30/2021 – 5/13/2021; Keno worked fourteen days on Carrier owned by Harvey Gulf
- 5/14/2021 – 5/27/201; Keno worked fourteen days on Carrier owned by Harvey Gulf
- 5/28/2021 – 6/10/2021; Keno worked five and one half days on Carrier owned by Harvey Gulf
- 7/09/2021 – 7/22/2021; Keno worked eight days on Mr. JO owned by Sea Tran Marine
- 7/23/2021 – 8/05/2021; Keno worked fourteen days on Mr. JO owned by Sea Tran Marine
- 8/06/2021 – 8/19/2021; Keno worked four days on Mr. Jo owned by Sea Tran Marine
- 8/20/2021 – 9/02/2021; Keno worked two and a half days on Mr. Jo owned by Alliance
- 9/03/2021 – 9/16/2021; Keno worked four and a half days on Mr. Jo owned by Alliance
- 9/17/2021 – 9/30/2021; Keno worked fourteen days on Mr. Jo owned by Alliance
- 10/01/2021 – 10/14/2021; Keno worked five and one half days on Mr. Jo owned by Alliance
- 11/26/2021 – 12/09/2021; Keno worked eight and one half days on Clearview owned by Hornbeck Offshore
- 12/10/2021 – 12/23/2021; Keno worked eleven and one half days on Clearview owned by Hornbeck Offshore
- 5/13/2022 – 5/26/2022; Keno worked nine days on Fearless owned by Seacor
- 5/27/2022 – 6/09/2022; Keno worked fourteen days on Fearless owned by Seacor
- 6/10/2022 – 6/23/2022; Keno worked six days on Fearless owned by Seacor

- 10/14/2022 – 10/27/2022; Keno worked seven days on Valaris EXLII owned by HSI Energy

- 12/23/2022 – 01/08/2023; Keno worked seven days on Chief owned by Seacor Marine

- 7/21/2023 – 8/03/2023; Keno worked eight days on Hermes owned by Harvey Gulf

- 8/04/2023 – 8/17/2023; Keno worked one day on Hermes owned by Harvey Gulf

- 9/01/2023 – 9/14/2023; Keno worked four days on Power owned by Harvey Gulf

(Exhibit 5).

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 21 establishes that, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21, however, does not provide standards by which district courts can determine if parties are misjoined; therefore, courts have looked to Rule 20 for guidance. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir.2010). To establish misjoinder of a defendant under Rule 20, the elements a movant must demonstrate are derived from the requirements for permissive joinder of parties. Specifically, Rule 20(a)(2) states that defendants may be joined in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). However, even if these criteria are met, district courts may refuse joinder to avoid prejudice and delay, ensure judicial economy, or safeguard principles of fundamental fairness. *Acevedo* at 521.

While Rule 21 establishes that dismissal of an action for misjoinder is not appropriate, courts have found that the proper remedy for misjoinder of a party is either severance or dismissal

of the improper party so long as it will not prejudice any substantial right. *Id.* at 522 citing *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir.1972).

Generally, courts have noted that the transaction-or-occurrence test used to evaluate misjoinder under Rule 20 is similar to the transaction-or-occurrence test used for compulsory counterclaims under Rule 13(a). *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir.2012) quoting 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1653 (3d ed.2001). To determine whether claims arise out of the same transaction, occurrence, or series of occurrences, "district courts in the Fifth Circuit apply the logical relationship test." *Vance v. Safety-Kleen Sys., Inc.*, No. 3:21-CV-2171-B, 2022 WL 22352487, at *3 (N.D. Tex. Oct. 7, 2022), (cleaned up) (quoting *EMET, LLC v. Johnson Controls, Inc.*, No. SA-21-CV-00753-JKP-RBF, 2021 WL 4712694, at *5 (W.D. Tex. Oct. 7, 2021)).

Claims have a logical relationship if they "share an aggregate of operative facts," *Id.* (quoting *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998)), or "some nucleus of operative facts or law […]." *Hanley v. First Invs. Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993). **Independent defendants only "satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action."** *In re EMC Corp.* at 1358. **"The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant."** *Id.* Joinder will generally not be allowed based solely on the assertion that the defendants committed the same type of violations in the same way. *Id.*

The Fifth Circuit has affirmed district court's dismissal for misjoinder in a similar case. For example, in *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir. 2010), plaintiffs joined separate and distinct claims in one suit against their convenience store employer under the

FLSA for payment of unpaid wages and overtime. Defendant moved to dismiss for misjoinder under Rule 21, which the district court granted. *Id.* The Fifth Circuit affirmed, finding that dismissal was appropriate because trying multiple claims together would be too challenging logistically given the divergent working conditions at each store and the different defenses applicable to each of the plaintiffs' claims. *Id.* at 522. Specifically, the court found that each plaintiff's working conditions were not the same since they worked at different stores under the supervision of different managers who implemented the store's policies differently to their employees. *Id.* Therefore, their claims did not arise out of the same transaction or occurrence. *Id.*

Similarly, just last year, a Fifth Circuit district court severed federal statutory and equal protection claims brought by the plaintiff against six different universities. In *Stewart v. Texas Tech University Health Sciences Center*, 741 F.Supp.3d 528 (N.D. Tex. 2024), the plaintiff sued various medical schools to which he was not admitted, and numerous officials at those institutions, alleging violations of Title VI, Title IX, § 1981, and the Equal Protection Clause, due to their alleged use of race and sex preferences in student admissions. Numerous defendants moved to dismiss, and one school moved to sever and transfer venue. *Id.* The court found that plaintiff's claims against the numerous schools were not logically related and should be severed. *Id.* at 561. Specifically, the court found that plaintiff's blanket assertion of race discrimination was insufficient to establish that admissions decisions were a series of transactions, and that the claims require a factual inquiry into each defendant's separate admissions and different evidence. Therefore, they did not arise from the same nucleus of operative facts. *Id.*

Just like in *Acevedo* and *Stewart*, Cook and Keno's claims require individual and separate fact-based inquiries that require proof, through various payroll records and timesheets, as well as testimony from Cook and Keno, and others similarly situated, Captains, fellow crewmembers, and

9

third parties concerning what Cook and Keno did during a given workweek. This inquiry, at the most granular level, can become a moment-by-moment analysis, given the vessel's needs and the Captain's orders. Furthermore, Cook and Keno collectively worked on more than 20 vessels, on only one vessel did they work at the same time. Just as the impact of different stores in *Acevedo*, these claims necessitate inquiries into the operations, movements, and crew sizes of each vessel upon which Cook and Keno worked. Moreover, for Cook, as outlined in *Adams v. All Coast, L.L.C.*, 15 F.4th 365 (5th Cir.2021), the trier of fact must determine how much time he spent cooking for people who spent more than 20% of their time during a given work week performing work that aided the vessel as a means of transportation versus the time spent preparing food for those who did not.

Similarly, the working conditions experienced by Keno and Cook differ, as they were not employed to perform the same or similar job duties, which is further supported by separate evidence. Keno was employed as a Steward and Rigger, while Cook was used as a Cook. The analysis needed to determine whether each job function of Steward, Rigger, or Cook, all of which are entirely different from the others, will require separate evidence with little, if any, factual overlap. Therefore, the claims against MAKO Catering and MAKO Unlimited are not logically related and do not arise out of the same transaction or occurrence. The motion should be granted, and MAKO Unlimited should be dismissed.

## **CONCLUSION**

Cook and Keno's claims fail to satisfy the requirements for permissive joinder under Rule 20, as they do not arise out of the same transaction or occurrence. There is no substantial evidentiary overlap, and any defense would require individualized evidence specific to each job

on each vessel. Accordingly, MAKO Unlimited is improperly joined in this matter, and under Rule 21, should be dismissed as a defendant.

Respectfully submitted,

_____
**THE MOELLER FIRM LLC**
Matthew A. Moeller (T.A. #29991)
matthew@moellerfirm.com
David K. Smith (#35325)
david@moellerfirm.com
Harleigh Reggio (#40921)
harleigh@moellerfirm.com
650 Poydras Street, Suite 2516
New Orleans, LA 70130
Telephone: (504) 702-6794
Facsimile: (504) 702-6783

**ATTORNEYS FOR MAKO CATERING, LLC, AND MAKO UNLIMITED, LLC**